IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                    No. CR S-10-0158 GEB DAD P

    vs.

DAVID NEAL

    Movant.                                       <u>ORDER</u>

_____/

        On June 21, 2012, the court granted movant leave to file a second amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In the same order, the court instructed respondent to file a response no more than sixty days after the amended motion was filed. (Docket No. 48.) On July 31, 2012, movant received an additional thirty days from the court in which to file his second amended motion. (Docket No. 53.)  Movant filed the his motion, styled a "Third Amended Motion to Vacate," on August 27, 2012.  (Docket No. 54.)

        Both parties appear to be under the not unreasonable impression that the court's order of June 21, 2012, requires respondent to respond to the Third Amended Motion without further court order.  The court acknowledges the parties' attention to the court's previous order; however, that order does not avoid the prerequisite imposed on the court by Rule 4(b) of the Rules

/////

1

Governing Section 2255 Proceedings to conduct a formal screening in which the court either dismisses the motion or instructs respondent to file an answer or other responsive pleading.

### Screening under Rule 4(b) of the Rules Governing Section 2255 Proceedings

In his Third Amended Motion to Vacate movant has alleged claims of actual innocence and ineffective assistance of counsel. The court finds that movant may be entitled to the requested relief if he can establish a violation of his constitutional rights. See Bousley v. United States, 523 U.S. 614, 622 (1998) (addressing "actual innocence" in a § 2255 case in which the movant pled guilty); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (stating the court's "doubt that a plea agreement could waive a claim of ineffective assistance of counsel"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (stating that "a waiver [of the right to appeal] does not include claims of ineffective assistance of counsel"). Therefore respondent is directed to file an answer within thirty days of the effective date of this order. See Rule 4, Rules Governing Section 2255 Proceedings.

Respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the motion. See Rule 5, Rules Governing Section 2255 Proceedings. Movant's traverse, if any, is due no later than thirty days after the date respondent's answer is filed.

Respondent's motion for an extension of time in which to answer (Docket No. 65) is rendered moot by this order. Movant's motion to compel (Docket No. 66) seeking an order directing his former counsel to provide him with "copies of the transcripts or current Docket" is unsupported and will be denied. The November 5, 2012 motion of movant seeking reconsideration (Docket No. 67) of the court's October 11, 2012 order denying his motion for summary judgment will be denied. Likewise, movant's motion for default judgment[1] and for

---

[1] Even assuming Rule 55 of the Federal Rule of Civil Procedure is applicable to a motion brought under 28 U.S.C. § 2255, no grounds presented here would justify the entry of default. On that basis, the court denies the motion.

sanctions for failure to respond (Docket No. 70) lacks merit and will be denied.

Finally, respondent has filed a motion for an order finding that movant has waived the attorney-client privilege in claiming that his trial court counsel provided ineffective assistance. (Docket No. 62.) In support of its motion, respondent cites Bittaker v. Woodford, 331 F. 3d 715 (9th Cir. 2003) (en banc). It is true that the Ninth Circuit in Bittaker held that a claim based upon ineffective assistance of counsel impliedly waives the attorney-client privilege, however, the court also made clear that the holder only waives the privilege "to the extent necessary to give [respondent] a fair opportunity to defend against [the claim]." Bittaker, 331 F.3d at 720. Consequently, discovery of any attorney-client communications requires a narrowly drawn protective order. Id. at 720-25. It is also the case that in a § 2255 proceeding, the parties are not automatically entitled to discovery but rather a party requesting discovery must show good cause. Rule 6(a), Fed. R. Governing Section 2255 Proceedings.[2]

Respondent has not formally sought discovery. Clearly, movant has waived the privilege as to the topics he has placed at issue by his claims of ineffective assistance of counsel in this § 2255 proceeding. However, the scope of that waiver must be identified with adequate specificity and disclosure ordered only pursuant to a narrowly drawn protective order. If respondent wishes to propound discovery on movant's former attorney, it must submit a request for discovery complying with Rule 6 of the Rules Governing Section 2255 Proceedings. Upon a showing of good cause and the issuance of an adequate protective order, the court will permit discovery of communications between movant and his former attorney limited to those matters which movant challenges in his § 2255 motion filed with this court. Bittaker, 331 F.3d at 718-19.

/////

/////

---

[2] "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6(b), Rules Governing Section 2255 Proceedings.

For the reasons set forth above, IT IS ORDERED that:

1. Respondent is directed to file an answer within thirty days of the effective date of this order. Respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the motion. Movant's traverse, if any, is due no later than thirty days after the date respondent's answer is filed.

2. Respondent's motion for a order finding that movant has waived the attorney-client privilege in claiming that his trial court counsel provided ineffective assistance (Docket No. 62) is denied without prejudice to the renewal of the motion accompanied by an appropriate motion for leave to conduct discovery.

3. Respondent's motion for an extension of time ((Docket No. 65) is denied as moot.

4. Movant's motion to compel (Docket No. 66) is denied.

5. Movant's motion for reconsideration (Docket No. 67) is denied.

6. Movant's motion for default judgment and for sanctions for failure to respond (Docket No. 70) is denied.

DATED: February 25, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
neal0158.206