UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>DAVID NEAL,<br><br>　　　　　Movant. | No.  2:10-CR-0158 GEB DAD P<br><br><br>ORDER |

　　　　Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  On May 24, 2013, the government filed a motion to dismiss the application for relief in lieu of an answer, arguing that the movant's claims are either untimely, procedurally defaulted or both.  (ECF No. 87.)  Although movant has filed numerous motions, requests and other papers with the court since then, he has not submitted any argument in opposition to the government's motion to dismiss.  Failure to file an opposition to a motion may be deemed consent to the relief sought in the motion, which in this case would mean a finding that the movant has failed to prosecute his claims under § 2255 and a recommendation of dismissal of his application for relief from his sentence.  See Local Rule 230(l); Fed. R. Civ. P. 41(b); Gwaduri v. I.N.S., 362 F.3d 1144, 1146 n.3 (9th Cir.2004) (noting that "[c]ourts have consistently exercised their discretion to grant motions ... on the basis that, in failing to respond, the opposing party has consented to such action by the court").

1

The movant's prolific activity on the docket suggests he has no intention of abandoning his action for relief under § 2255.  To continue prosecuting his claims, however, he is required to file an opposition to the arguments pressed by the government in its motion to dismiss.  Although movant has had ample time to respond to the government's motion to dismiss and has filed numerous other requests and statements since the government's motion was filed ,[1] the court will nonetheless allow movant thirty more days in which to file the required opposition to the government's pending motion.  The movant is admonished that, as discussed above, his failure to file an opposition may be grounds for granting the government's motion to dismiss and denying his motion for relief under § 2255.

Accordingly, IT IS HEREBY ORDERED that:

1.  Movant will have thirty days from the date of this order in which to file an opposition or statement of non-opposition to the government's pending motion to dismiss (ECF No. 87).  Failure to comply with this order will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

2.  The Clerk of Court is directed to re-serve the movant with the government's response and motion to dismiss (ECF No. 87).

3.  Movant's motion to file an amended motion to vacate the sentence under § 2255 (ECF No. 101) is denied.

/////

/////

/////

/////

---

[1] One of movant's submissions is a request to amend (for the fourth time) his motion to vacate, set aside or correct his sentence.  (See ECF No. 101.)  That request, however, cannot be construed as an opposition or response to the government's motion to dismiss.  Rather, the sole basis for movant's proposed amendment is to correct what the movant perceives as a docketing error by the Clerk of Court.  There was no such error, and, in any event, am alleged docketing error is not a sound basis for amending the operative motion for relief under § 2255.  Likewise, movant's various other motions do not address the arguments presented in the government's motion to dismiss, nor do any of them seek relief appropriate at this stage of the case.  Therefore they will all be denied at this time.

4. Movants' motions for summary judgment ECF No. 86), to stay (ECF No. 88), for default judgment (ECF Nos. 90, 94, 96 and 99), to vacate punishment (ECF No. 92), for a new trial (ECF No. 104), and to compel (ECF Nos. 107 and 108) are denied.

Dated: May 19, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm:dad1.habeas
/neal0158.ord