UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-0158-GEB |
| Plaintiff, | |
| v. | **ORDER DENYING DAVID NEAL'S MOTIONS** |
| DAVID NEAL, | |
| Defendant. | |

Federal supervised releasee David Neal ("Neal"), proceeding in propria persona, filed the following eight motions: Motion to Reopen 28 U.S.C. § 2255, filed on March 10, 2017, ECF No. 130; Motion to Dismiss for Lack of Jurisdiction, filed on March 13, 2017, ECF No. 131; Request to Reopen § 2255 Motion, filed on March 17, 2017, ECF No. 132; Letter Challenging Jurisdiction and Constitutionality of 18 U.S.C .§ 2252(a), filed on March 20, 2017, ECF No. 133; Motion for Modification of Conditions of Supervised Release and Notice of Hearing, filed on March 22, 2017, ECF No. 134; Motion for Modification of Motions, filed on March 23, 2017, ECF No. 135; Motion for Modification of Conditions of Supervised Release with Notice of a Hearing, filed on March 23, 2017, ECF No. 136; and Notice of Hearing re Motion to Dismiss Indictment, filed on March 23, 2017, ECF No. 137. Neal noticed his motions for hearing on April 24, 2017 (Motion for Modification of Conditions of Supervised Release and Notice

of Hearing, 1, ECF No. 134), and he also noticed his motions for hearing on June 9, 2017 (Motion for Modification of Conditions of Supervised Release with Notice of a Hearing, 1, ECF No. 136; and Notice of Hearing re Motion to Dismiss Indictment, 1, ECF No. 137).

Neal was sentenced to federal prison and a life term of supervised release after pleading guilty to a federal child pornography crime. Neal did not appeal his sentence.

Neal requests that a lawyer be appointed to represent him. Neal was previously appointed counsel to assist him with his endeavor to modify a provision of his supervised release concerning his own minor children. That modification request was granted. However, Neal has not shown he should be appointed a lawyer to assist him with litigating his pending motions.

Neal has previously been informed in an order filed on March 1, 2016 that he does not have viable § 2255 claims; therefore, his motions under § 2255 are denied. See Order, filed on March 1, 2016, ECF No. 121 (adopting Findings and Recommendations, filed on February 3, 2016, ECF No. 119 (granting Government's motion to dismiss: Neal's third § 2255 petition for being untimely, Neal's second § 2255 petition finding it was procedurally barred because the § 2255 claims were not raised in a direct appeal to the Ninth Circuit, and Neal's first § 2255 petition finding it was procedurally barred because the sentencing claim was not raised in a direct appeal to the Ninth Circuit and the ineffective assistance of counsel claim was insufficient; and Neal's motions for default judgment and for dismissal of indictment were denied)).

Neal's remaining motions are conclusory challenges to conditions of his supervised release, and the only portions thereof that provide an explanation of what Neal seeks are characterized by Neal as the following challenges to conditions of supervised release: "Prohibition of Computer Equipment and life time band [sic] of [the] use [of] Internet or the use of Smart phones or other Equipment ... Prohibition on Sexually explicit materials ... Restriction on Associating with Children in the family or Grandchildren or other family members with children [and] the right to have children ..." Motion for Modification of Conditions of Supervised Release with Notice of a Hearing, 1:15-19, ECF No. 136.

However, each referenced supervised release condition has either an express or implied "delegation of authority to [the] probation officer," which indicates that Neal is required to present his desired modification to the Probation Officer. United States v. Wolf Child, 699 F.3d 1082, 1095 (9th Cir. 2012) (acknowledging that the District Judge has authority to delegate to the Probation Officer discretion to enable "a defendant . . . to engage in certain types of activities with permission from [the] probation officer . . . "); United States v. Bernardine, 237 F.3d 1279, 1283 (11th Cir. 2001) (indicating that the Probation Officer "is an arm of the court [and] is a liaison between the sentencing court ... and the defendant . . . [on] supervised release . . . ") (internal quotes omitted) (citing United States v. Ruiz, 580 F.2d 177, 178 (5th Cir. 1978); United States v. Davis, 151 F.3d 1304, 1306-1307 (10th Cir. 1998)). Therefore, Neal has not shown that any supervised release

3

condition he challenges is ripe for judicial consideration, and the motions are denied because no concrete controversy has been presented for judicial decision.

Lastly, the hearing dates for Neal's motions are vacated.

Dated: April 12, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4